IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ANTON CARLTON #386149, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | NO. 3:21-cv-00075 |
| v. | ) | |
| | ) | JUDGE CAMPBELL |
| VINCENT VANTELL, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM

Petitioner Anton Carlton, a pro se state prisoner, filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1-2). Respondent filed a Motion to Dismiss the Petition as untimely or procedurally defaulted. (Doc. Nos. 16, 17). Petitioner filed a Response (Doc. No. 19), Respondent filed a Reply (Doc. No. 24), and Petitioner filed a Sur-Reply. (Doc. No. 26).[1] Petitioner also filed a Motion to Take Judicial Notice of a recent Sixth Circuit opinion. (Doc. No. 22). As explained below, the Petition is untimely and not subject to an equitable exception, so the Court need not address Respondent's procedural default argument. This action will be **DISMISSED** as untimely.

### I. BACKGROUND

In May 2004, a Rutherford County grand jury indicted Petitioner on five counts of especially aggravated kidnapping (Counts 1 through 5), two counts of aggravated robbery (Counts 6 and 7), one count of aggravated burglary (Count 8), and two counts of theft (Counts 9 and 10). (Doc. No. 25-1). Petitioner and the State entered a negotiated plea agreement. (Doc. No. 13-1 at

---

[1] Petitioner submitted three copies of this filing (Doc. Nos. 26–28), the first of which includes additional handwritten argument on the last page. (Doc. No. 26 at 10). Although Petitioner did not request or receive permission to file a Sur-Reply, the Court exercises its discretion to consider the fullest version of the Sur-Reply (Doc. No. 26) along with the other briefs.

7–11). Under the agreement, Petitioner would plead guilty to one of the five counts of especially aggravated kidnapping, both counts of aggravated robbery, and the sole count of aggravated burglary. (*Id.* at 7). All remaining counts would be dismissed, and Petitioner would receive a total sentence of 50 years' imprisonment—25 years at 100% service for especially aggravated kidnapping, 10 years at 30% service for each aggravated robbery conviction, and 5 years at 30% service for aggravated burglary, with the 30% service sentences "all consecutive to each other [and] to" the 100% service sentence. (*Id.* at 10). The trial court held a hearing (Doc. No. 13-3), accepted the plea (*id.* at 16–18), and entered judgments accordingly. (Doc. No. 13-1 at 2–6).

Within this sequence of events, there was a discrepancy regarding the especially-aggravated-kidnapping count to which Petitioner would plead guilty. The plea petition stated that Petitioner would plead guilty to Count 1. (*Id.* at 10). During the plea hearing, however, the prosecutor stated that Petitioner would plead guilty to Count 2. (Doc. No. 13-3 at 8–9). The court seemingly picked up on the prosecutor's statement, referencing Count 2 as the count of conviction later in the hearing. (*Id.* at 17–18). The original judgments reflected a conviction on Count 2 (and a dismissal on Count 1). (Doc. No. 13-1 at 2–6). They were filed on January 25, 2005. (*Id.*)

Petitioner did not appeal, but he has since initiated many related state court proceedings that have been summarily denied at the trial court level. On May 2, 2005, Petitioner filed a motion to correct or reduce sentence in the trial court. (Doc. No. 13-2 at 3). The court denied it four days later, and Petitioner did not appeal. (*Id.* at 3–4). Petitioner also filed a state post-conviction petition that is not included in the record, and the court dismissed it for failure to assert a colorable claim on January 9, 2006. (Doc. No. 13-2 at 5). Petitioner again did not appeal. On January 24, 2006, Petitioner filed a second state post-conviction petition, and on February 22, 2006, the court denied

2

it under Tennessee's "one-petition" limitation on post-conviction relief. (*Id.* at 6–8 (citing Tenn. Code Ann. § 40-30-102(c)). No appeal followed.

About six years passed before Petitioner initiated another proceeding in state court, when Petitioner filed a state habeas corpus petition based on the discrepancy in his count of conviction for especially aggravated kidnapping. (Doc. No. 13-9 at 5–13). The court denied relief, noting, "perhaps a scrivener's error occurred in the count number, which would not void the plea." (Doc. No. 13-1 at 12). The habeas court forwarded a copy of its order to the trial court "for determination whether a corrected judgment form should be entered." (*Id.* at 13). Petitioner appealed.

On April 9, 2012, the trial court entered a corrected judgment reflecting that Petitioner entered a guilty plea to Count 1. (*Id.* at 15).

With the appeal from the denial of his state habeas petition pending, Petitioner filed another state habeas petition arguing that the April 2012 corrected judgment for Count 1 was void. (Doc. No. 13-15 at 5–14). The court summarily denied it (*id.* at 54–56), and Petitioner appealed.

The Tennessee Court of Criminal Appeals (TCCA) affirmed the denial of both state habeas petitions. As to the first petition, it held that the original judgment "reflecting a conviction for Count 2, rather than Count 1, is nothing more than a clerical error." *Carlton v. Easterling*, No. W2012-00798-CCA-R3HC, 2012 WL 6474542, at *2 (Tenn. Crim. App. Dec. 13, 2012). It also noted the April 2012 corrected judgment for Count 1. *Id.* However, the TCCA recognized that "further corrections" in the judgments were necessary, as the original judgments for the remaining counts also contained clerical errors stemming from the initial mix-up between Counts 1 and 2. *Id.* The TCCA therefore remanded the case to the trial court "to enter corrected judgments reflecting that Count 2 is dismissed and that the sentences for the convictions in Counts 6, 7, and 8 run consecutively to the sentence for the conviction in Count 1 [rather than Count 2]." *Id.*

3

As to the second petition, the TCCA adopted and described the rationale it used to affirm the denial of Petitioner's first petition as follows: "[T]his court held that the anomaly in his convictions was a clerical error that could be—and was—fully addressed via Tennessee Rule of Criminal Procedure 36."[2] *Carlton v. State*, No. W2012-02449-CCA-R3-HC, 2013 WL 3701911, at *2 (Tenn. Crim. App. July 11, 2013).

About five years passed until, in June 2018, Petitioner filed a "Motion for an Amendment of the Judgment to Correct a Clerical Mistake." (Doc. No. 13-1 at 16–39). The court summarily denied the motion, noting that the April 2012 corrected judgment for Count 1 "corrected the clerical error that is the subject matter of Mr. Carlton's motion." (*Id.* at 74–75). Petitioner appealed.

On October 22, 2018, the trial court followed up on the TCCA's remand instructions from several years earlier when it affirmed the denial of Petitioner's first state habeas petition. That is, the trial court entered corrected judgments to address the clerical errors stemming from the initial mix-up between Counts 1 and 2. (Doc. No. 13-2 at 15–18). The corrected judgment for Count 7, however, contained its own clerical error, as later noted by the TCCA and addressed below. *See State v. Carlton*, No. M2018-01474-CCA-R3-CD, 2019 WL 3814726, at *4 n.1 (Tenn. Crim. App. Aug. 14, 2019).

While the appeal from the denial of Petitioner's "Motion for an Amendment of the Judgment to Correct a Clerical Mistake" was pending, he filed a third state post-conviction petition. (Doc. No. 13-20 at 3–33). The court summarily denied it as time-barred under Tennessee's one-years statute of limitations for post-conviction petitions. (*Id.* at 77–79 (citing

---

[2] This rule is titled "Clerical Mistakes," and it states that "the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission." Tenn. R. Crim. P. 36.

4

Case 3:21-cv-00075   Document 29   Filed 01/04/22   Page 4 of 10 PageID #: 741

Tenn. Code Ann. § 40-30-102(a), (b)). The post-conviction court denied Petitioner's motion to reconsider. (*Id.* at 89–90). Petitioner appealed.

In August 2019, the TCCA affirmed the denial of Petitioner's "Motion for an Amendment of the Judgment to Correct a Clerical Mistake." Petitioner's appellate arguments referenced both the April 2012 corrected judgment for Count 1, and the October 2018 corrected judgments that were entered while the appeal was pending. *Carlton*, 2019 WL 3814726, at *1. The TCCA reviewed "the entire record in this case" and found that the April 2012 corrected judgment for Count 1 "does not contain an oversight or omission," *id.* at *7, because it is "abundantly clear that the State merely misspoke at the plea submission hearing when it stated that [Petitioner] was entering a guilty plea to especially aggravated kidnapping in Count 2 rather than Count 1, which resulted in the trial court's entering a judgment of conviction in Count 2." *Id.* at *6. The TCCA also found that, although Petitioner's notice of appeal deprived the trial court of jurisdiction to enter the October 2018 corrected judgments, and although the corrected judgment for Count 7 included a clerical error regarding the manner of service, "these jurisdictional and clerical issues are easily corrected." *Id.* at *8. The TCCA reiterated that Petitioner "received an effective fifty-year sentence in exchange for his guilty pleas to Counts 1, 6, 7, and 8," and it remanded for entry of new corrected judgments. *Id.*

On October 11, 2019, the trial court entered new corrected judgments. (Doc. No. 13-25 at 1–6).

In May 2020, the TCCA affirmed the denial of Petitioner's third state post-conviction petition. Petitioner's arguments referenced the then-voided October 2018 corrected judgments. *Carlton v. State*, No. M2019-00711-CCA-R3-PC, 2020 WL 2096032, at *2 (Tenn. Crim. App.

5

May 1, 2020). The TCCA held that these judgments "did not amend or alter any aspect of the negotiated plea . . . but instead merely fixed clerical mistakes in the original judgments." *Id.*

Petitioner then filed a federal habeas corpus petition. Using a typed signature, he declared under penalty of perjury that he placed the Petition in the prison mailing system on January 27, 2021. (Doc. No. 1 at 32; Doc. No. 1-1). Petitioner later submitted a copy of the Petition with a handwritten signature. (Doc. No. 1-2).

## II. ANALYSIS

There is a one-year statute of limitations for filing a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1). This period begins to run "from the latest of" four dates, one of which is relevant here—"the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). "Tolling, though, 'can only serve to pause a clock that has not yet fully run'; it does not 'revive the limitations period' or 'restart the clock at zero.'" *Eberle v. Warden, Mansfield Corr. Inst.*, 532 F. App'x 605, 609 (6th Cir. 2013) (quoting *Vroman v. Brigiano*, 346 F.3d 598, 602 (6th Cir. 2003)).

Respondent argues that this action is untimely because the original January 2005 judgments became final many years before Petitioner filed the Petition. (Doc. No. 17 at 7–10). Petitioner contends that it is timely because the October 2019 corrected judgments became final within one year of the date he filed the Petition. (Doc. No. 19 at 6–8). The Court agrees with Respondent.

Tennessee state courts have consistently characterized the alterations to the original January 2005 judgments to be the result of clerical error. *See Carlton*, 2012 WL 6474542, at *2 (stating that the April 2012 corrected judgment for Count 1 addressed "nothing more than a clerical

6

error"); *Carlton*, 2013 WL 3701911, at *2 (reiterating its holding that "the anomaly in [Petitioner's] convictions was a clerical error"); *Carlton*, 2019 WL 3814726, at *5 (concluding that the April 2012 corrected judgment "is not erroneous" because "it is abundantly clear that the State merely misspoke at the plea submission hearing when it stated that [Petitioner] was entering a guilty plea to especially aggravated kidnapping in Count 2 rather than Count 1, which resulted in the trial court's entering a judgment of conviction in Count 2"); *id.* at *8 (stating that the October 2018 corrected judgment for Count 7 included a "clerical error"); *Carlton*, 2020 WL 2096032, at *2 ("The trial court did not amend or alter any aspect of the negotiated plea with the entry of the corrected judgments in 2018 but instead merely fixed clerical mistakes in the original judgments.").

The state court's characterization on this subject is binding on this Court. That is because a federal habeas court "does not function as an additional state appellate court reviewing state-court decisions on state law or procedure." *Vroman*, 346 F.3d at 604 (citing *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988)). Instead, a federal court must "accept as valid a state court's interpretation of state law and rules of practice of that state." *Id.* (citing *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986)). The Court therefore accepts the TCCA's clear determination that the differences between Petitioner's original and operative judgments are merely clerical.

Petitioner's original and operative judgments impose the exact same effective sentence. (*Compare* Doc. No. 13-1 at 2–6 (original judgments), *with* Doc. No. 13-1 at 15 (operative judgment for Count 1), *and* Doc. No. 13-25 at 1–8 (operative judgments for remaining counts)). And a clerical "change that does not alter the substance of [a] sentence . . . [] does not create a new judgment." *In re Stansell*, 828 F.3d 412, 417 (6th Cir. 2016); *but see Freeman v. Wainwright*, 959 F.3d 226, 229 (6th Cir. 2020) (citing *King v. Morgan*, 807 F.3d 154, 159 (6th Cir. 2015); quoting

7

*Crangle v. Kelly*, 838 F.3d 673, 678 (6th Cir. 2016)) (explaining that a judgment resets the statute of limitations if it follows a "full resentencing" or a "limited resentencing" resulting in a "'new, worse-than-before sentence'"). Accordingly, the October 2019 corrected judgments (and the other corrected judgments entered in this case) did not reset the statute-of-limitations under 28 U.S.C. § 2244(d)(1)(A).

That leaves the original January 2005 judgments. Because Petitioner did not file a direct appeal from these judgments, the Court would ordinarily begin by determining "the expiration of the time for seeking" direct review, 28 U.S.C. § 2244(d)(1)—in Tennessee, 30 days after "entry of the judgment appealed from." Tenn. R. App. P. 4(a). But the limitations period is tolled while a properly filed state post-conviction petition is pending, 28 U.S.C. § 2244(d)(2), and it is unclear from the record when Petitioner filed his first state post-conviction petition. The Court therefore assumes, without deciding, that Petitioner filed his first post-conviction petition during the initial 30-day direct-appeal window, and that the limitations period was automatically tolled until this petition was no longer pending.

The state court denied Petitioner's first post-conviction petition on January 9, 2006. Petitioner did not appeal, but during that 30-day appeal window, he filed a second post-conviction petition. The Court assumes, without deciding, that the second post-conviction petition was properly filed, again automatically tolling the limitations period until it was no longer pending. The state court denied Petitioner's second post-conviction petition on February 22, 2006. Petitioner did not appeal, and he did not file any other application for collateral review during that appeal window. Therefore, the January 2005 judgments became when the deadline to appeal from the denial of his second post-conviction petition expired. That was March 24, 2006.

The one-year period to file a federal habeas petition started running the next day, on March 25, 2006. *See Taylor v. Palmer*, 623 F. App'x 783, 785 n.2 (6th Cir. 2015) (citing *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000)) ("[W]hen the last day of a designated time period ends, the next applicable time period does not begin until the following day."). Therefore, the deadline for Petitioner to file a federal habeas petition was March 26, 2007.[3] Petitioner initiated several proceedings in state court after that date, but those efforts did "not 'revive the limitations period' or 'restart the clock at zero.'" *Eberle*, 532 F. App'x at 609 (quoting *Vroman*, 346 F.3d at 602). The Court considers the Petition filed as of January 27, 2021.[4] Accordingly, even liberally construing the record in Petitioner's favor, the Petition is untimely by nearly 14 years.

The Court notes that the statute of limitations is subject to equitable tolling, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citing *Holland v. Florida*, 560 U.S. 631, 645 (2010)), and that a habeas petitioner may gain consideration of otherwise untimely claims where he "makes a credible showing of actual innocence." *Davis v. Bradshaw*, 900 F.3d 315, 326 (6th Cir. 2018) (citing *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013); *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005)). Both equitable exceptions are applied sparingly, however, and a petitioner bears the burden of demonstrating entitlement to the exception. *See Ata*, 662 F.3d at 741; *Davis*, 900 F.3d at 326. Here, because Petitioner's timeliness argument is based on the entry of corrected judgments, he does not attempt to carry his burden of demonstrating entitlement to an equitable

---

[3] March 25, 2007, fell on a Sunday, so the deadline extended through the following Monday. Fed. R. Civ. P 6(a)(1)(C).

[4] That is the date Petitioner declared under penalty of perjury, originally via electronic signature and later substantiated by written signature, that he placed the Petition in the prison mailing system. *See Miller v. Collins*, 305 F.3d 491, 497–98 (6th Cir. 2002) (footnote omitted) (citing *Houston v. Lack*, 487 U.S. 266 (1988)). Because of Petitioner's later handwritten substantiation, the Court assumes, without deciding, that Petitioner may rely on the filing date associated with the initial submission.

exception. And the Court sees no basis to apply either exception in the state court record or Petitioner's pleadings. Accordingly, the Petition will be denied as untimely.

### III. CONCLUSION

For these reasons, Respondent's Motion to Dismiss (Doc. No. 16) will be **GRANTED**. The Sixth Circuit opinion that is the subject of Petitioner's Motion to Take Judicial Notice has no impact on the Court's analysis, so the Motion (Doc. No. 22) will be **DENIED** as moot. This action will be **DISMISSED**.

Because this is a "final order adverse to" Petitioner, the Court must grant or deny a certificate of appealability (COA). Habeas Rule 11(a). A COA requires "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, a petition is "denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). For the reasons stated throughout the Court's analysis, jurists of reason would not disagree that the Petition is barred by the statute of limitations. The Court will therefore **DENY** a COA.

An appropriate Order shall enter.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE